UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAMONT MONTY TOBY JACOBS, | No. C10-5049 FDB/KLS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| INDERSTYES COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*, filed by Plaintiff on January 15, 2010. Dkt. 1. On February 9, 2010, the Clerk sent a letter to Plaintiff advising that he must submit a trust account statement showing transactions for the past six months. Dkt. 3. On February 22, 2010, Plaintiff submitted the trust account statement. Dkt. 4. On review of Plaintiff's application for leave to proceed *in forma pauperis*, however, the court notes several deficiencies.

In his application, Plaintiff states that he is currently employed. Dkt. 1, p. 1. Plaintiff does not respond to Question 2.a. of the application, which inquires as to the amount of his salary, wages or gratuity per month, and his employer. *Id.* In response to Question 3, Plaintiff states that in the past twelve months, he has received money from business, profession or other self-employment; rent payments, interest or dividends; pensions, annuities or life insurance;

ORDER - 1

disability or workers compensation; gifts or inheritances, and from other sources. Dkt. 1, p. 2. However, he failed to identify the source of money, the amount received, and the amounts he expects he will continue to receive. Dkt. 1, p. 2. In response to Questions 5 and 6, Plaintiff states that he owns real estate, stocks, bonds, securities or other financial instruments, automobiles or other valuable property and owns other assets. *Id.* Although the application requests that he state the nature of the property and assets and the value of each, Plaintiff has failed to do so. *Id.*

The court is unable to make a proper determination of Plaintiff's eligibility for *informa pauperis* status based on the information provided by Plaintiff in his application.

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

Accordingly, the Court orders the following:

(1) Plaintiff must provide complete answers to Questions 2a, 3, 5 and 6 in his application to proceed *in forma pauperis* **on or before March 26, 2010.** Failure to do so by **March 26, 2010** shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 8th day of March, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2