UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAMONT MONTY TOBY JACOBS,<br><br>                          Plaintiff,<br>     v.<br><br>INDERSTYES COMPANY,<br><br>                          Defendant. | No. C10-5049 FDB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  May 7, 2010** |

This case was referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*.  Dkt. 1.  However, Plaintiff's application is incomplete.  Although the court has directed Plaintiff to complete his application, he has failed to do so.  Dkt. 6.

### *DISCUSSION*

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION - 1

Plaintiff filed a motion to proceed *in forma pauperis* on January 15, 2010. Dkt. 1. On February 9, 2010, the Clerk sent a letter to Plaintiff advising that he must submit a trust account statement showing transactions for the past six months. Dkt. 3. On February 22, 2010, Plaintiff submitted the trust account statement. Dkt. 4. On review of Plaintiff's application for leave to proceed *in forma pauperis*, however, the court noted several deficiencies.

In his application, Plaintiff states that he is currently employed. Dkt. 1, p. 1. Plaintiff does not respond to Question 2.a. of the application, which inquires as to the amount of his salary, wages or gratuity per month, and his employer. *Id.* In response to Question 3, Plaintiff states that in the past twelve months, he has received money from business, profession or other self-employment; rent payments, interest or dividends; pensions, annuities or life insurance; disability or workers compensation; gifts or inheritances, and from other sources. Dkt. 1, p. 2. However, he failed to identify the source of money, the amount received, and the amounts he expects he will continue to receive. Dkt. 1, p. 2. In response to Questions 5 and 6, Plaintiff states that he owns real estate, stocks, bonds, securities or other financial instruments, automobiles or other valuable property and owns other assets. *Id.* Although the application requests that he state the nature of the property and assets and the value of each, Plaintiff has failed to do so. *Id.*

Based on the information provided by Plaintiff in his application, the court is unable to make a proper determination of Plaintiff's eligibility for *informa pauperis* status. Thus, the court directed Plaintiff to provide complete answers to Questions 2a, 3, 5 and 6 on or before March 26, 2010. Dkt. 6, p. 2. The court also advised Plaintiff that his failure to do so by the deadline would be deemed a failure to properly prosecute this matter and the court will recommend dismissal.

REPORT AND RECOMMENDATION - 2

*CONCLUSION*

The undersigned recommends the Court dismiss this action because Plaintiff has failed to comply with the court's order to submit a complete application to proceed *in forma pauperis.*

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **May 7, 2010**, as noted in the caption.

**DATED** this   14th   day of April, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3